[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff owns real property known as No. 2 Francis Avenue, Ellington, Connecticut. She obtained title to same by warranty deed in 1973. The defendants own real property known as 5 Hilltop Drive Extension, Ellington, Connecticut and they acquired title by warranty deed in 1975. Both properties have single-family residences thereon. The subject properties abut each other along the southerly and easterly boundaries of the plaintiff's land (corresponding to the westerly and southerly boundaries of the defendants' land) and there is a chain link fence along the entire mutual property line which was erected by the defendants' predecessor in title prior to 1975 but less than fifteen years before the commencement of this action. A portion of the Julianos' property is known as the westerly portion of Hilltop Drive Extension. Hilltop Drive Extension consists of a strip of land fifty feet wide running from Francis Avenue easterly to Ellington Avenue. The Julianos own the westerly portion of Hilltop Drive Extension. Another landowner owns the easterly portion thereof. Hilltop Drive Extension is a grassy strip of land, containing some shrubbery. There is a CT Page 4151 gravel driveway running down the center along its entire length. The defendants took title to said westerly portion of Hilltop Drive Extension "subject to the rights of others to pass and repass over said premises, without the necessity of identification." Plaintiff's deed makes no reference to a right of way over Hilltop Drive Extension. The development map, prepared in 1946, identifies Hilltop Drive Extension as a "Proposed Road."
The plaintiff commenced this action in September, 1987. She seeks an order to allow access from the southerly boundary of her land onto Hilltop Drive; she wants to build a driveway from her property onto Hilltop Drive Extension.
In 1988, the plaintiff sought a variance to build an addition to her house including a garage and an in-law apartment. Her request was withdrawn when the Zoning Board of Appeals opined that the proposed addition would change the plaintiff's abode from a single to a two-family residence. The plot plan which accompanied the plaintiff's application for a variance indicated that the proposed driveway to and from the added garage would proceed along the southerly portion of plaintiff's land and onto Francis Avenue.[1]
In 1989, the plaintiff built the addition to her house, including the garage. She excluded a second kitchen to avoid any claim of having created a two-family residence. She proceeded with and completed construction of the addition while the instant litigation was pending. Plaintiff was well aware of the fact that the Court would have to determine the question of vehicular access from her garage directly onto Hilltop Drive Extension.
The issue is whether or not the plaintiff's right, if any, to "pass and repass" along Hilltop Drive Extension includes the right to access a driveway from her land directly onto Hilltop Drive Extension. The Court resolves that issue in favor of the defendants. The obvious purpose of Hilltop Drive Extension is to allow the owners of property along its length, which have no other means of access to a public street, to use it as a right of way to get access to a public street. Otherwise, those properties would be land-locked.
The plaintiff, on the other hand, has direct access to Francis Avenue, a public street. In fact, that portion of her house that was the garage prior to her building the addition had a driveway onto Francis Avenue. Moreover, she has an adequate side yard to allow for the construction of a new driveway along the southerly boundary of her property CT Page 4152 onto Francis Avenue.
The character of the restriction concerning Hilltop Drive Extension is such as to benefit only the landowners whose deeds contain the restriction as set forth in the Julianos' deed. See Whitton v. Clark, 112 Conn. 280 (1930).
The obligation of an owner of land to keep open the streets delineated on the subdivision map is not absolute. The question is whether denial of access would cause the plaintiff injury. While she may argue that denial of vehicular access to Hilltop Drive Extension will cause her to spend more monies on a driveway, that is insufficient cause. See Lake Garda Company v. D'Arche, 135 Conn. 449, 453-455
(1949). Any claim to a vehicular easement over Hilltop Drive Extension by necessity likewise must fail. Plaintiff's claim is not a reasonable one in light of her having access to Francis Avenue. ". . .[T]he element of necessity has been rather strictly construed and made to depend on the situation of both parties, the nature and adaptability of the property, and surrounding circumstances." Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 401 (1973).
Judgment may enter for the defendants.
SCHEINBLUM, J.